# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

| | |
|---|---|
| MIKE WALSH, | * |
| | * |
| Plaintiff, | * |
| | * |
| vs. | * |
| | *     CV 210-075 |
| JEFF DAVIS COUNTY, et. al., | * |
| | * |
| Defendants. | * |

### ORDER

Presently before the Court are Plaintiff's Motion for Certification of Final Judgment Pursuant to Fed. R. Civ. P. 54(b), and Plaintiff's Motion for Expedited Ruling and Reply in Support of Motion for Certification of Final Judgment Pursuant to Fed. R. Civ. P. 54(b). Dkt. Nos. 112, 125. Defendants oppose both motions. Dkt. Nos. 122, 126.

Federal Rule of Civil Procedure 54(b) "provides an exception to the general principle that a final judgment is proper only after the rights and liabilities of all the parties to the action have been adjudicated." Ebrahimi v. City of Huntsville Bd. of Educ., 114 F.3d 162, 165 (11th Cir. 1997). Specifically, Rule 54(b) permits a district court to enter

"final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). Otherwise, partial adjudication of a case, in terms of claims or parties, does not conclude the case, and the partial adjudication is generally not appealable. Fed. R. Civ. P. 54(b); Lloyd Noland Foundation, Inc. v. Tenet Health Care Corp., 483 F.3d 773, 777 (11th Cir. 2007). Certification of a partial judgment is only appropriate in "unusual case[s]" and district courts are "counseled . . . to exercise the limited discretion afforded by Rule 54(b) conservatively." Ebrahimi, 114 F.3d at 165.

In deciding whether to certify a partial final judgment, "[a] district court must follow a two-step analysis." Lloyd Noland Foundation, Inc., 483 F.3d at 777. "First, the court must determine that its final judgment is, in fact, both "final" and a "judgment." Id. In this case, Plaintiff seeks 54(b) certification for the grant of summary judgment to "Defendants Greg Rainey, Sr., James Laddie Boatright, Jr., Anthony Disharoon, Spencer Disharoon, Bobby Clack, Tammy Toler, and Greg Rainey, Jr., in their individual capacities, Jeff Davis County and Defendants Boatright and Rainey, Sr., in their official capacities." Dkt. No. 112, at 2-3. The Court's March 29, 2012 order, granting summary judgment to various defendants, was unquestionably "an ultimate disposition of . . . individual

claim[s] entered in the course of a multiple claims action and a judgment in the sense that it [was] a decision upon . . . cognizable claim[s] for relief." Lloyd Noland Foundation, Inc., 483 F.3d at 777 (internal quotation marks and citations omitted). Therefore, the first step of the 54(b) analysis is satisfied.

Assuming the judgment is final, the "court must then determine that there is 'no just reason for delay' in certifying it as final and immediately appealable." Id. This determination is within the discretion of the trial court. Id. The inquiry "requires the district court to balance judicial administrative interests and relevant equitable concerns." Ebrahimi, 114 F.3d at 165-66. The focus on judicial administrative interests, "preserves the historic federal policy against piecemeal appeals." Id. (citing Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 438 (1956)). The focus on equitable concerns limits certification to those rare occasions where "immediate appeal would alleviate some danger of hardship or injustice associated with delay." Id. (citing Se. Banking Corp. v. Bassett, 69 F.3d 1539, 1547 n.2 (11th Cir. 1995).

Plaintiff presents two arguments in support of why there is no just reason for delay in certifying the summary judgment order: (1) failing to certify the order could potentially result in two separate trials, and (2) the two Defendants who were not

dismissed from the suit intend to immediately appeal the Court's order, as they are entitled to, given that the order denied those Defendants the defense of qualified immunity. Plaintiff's stated reasons are insufficient to justify certification of the Court's summary judgment order as a final judgment.

Arguably, both stated reasons support an argument that certification would serve judicial administrative interests. It should be noted, however, Rule 54(b) is not the proper mechanism for seeking appellate review of dismissed claims in order to avoid an additional trial. See Ebrahimi, 114 F.3d at 168 ("Where accelerated appellate review of a controlling question of law is the motivating factor in deciding to enter judgment under Rule 54(b), an interlocutory appeal pursuant to 28 U.S.C. § 1292 represents the more appropriate course."). Moreover, the prospect of two trials in this case assumes that Defendants Conaway and Lewis will lose their appeal, that the matter will go to trial, that Plaintiff will then appeal the dismissed claims against all other Defendants, that Plaintiff will prevail on the appeal, and then the parties will proceed to a second trial on the remaining claims. Clearly, the likelihood of two trials is attenuated at best. On the other hand, if the Court grants Plaintiff's 54(b) motion, certification of the Court's partial summary judgment order guarantees that the Eleventh Circuit will be faced with a sprawling appeal, both in terms of

facts and law. If the order were to be certified, the appellate court would need to address rulings on municipal liability under § 1983, various state law claims, sovereign immunity, and official immunity. Clearly, the preservation of judicial administrative interests is better served by *not* certifying the partial summary judgment order.

Plaintiff's second argument – that Defendants Conaway and Lewis intend to pursue an interlocutory appeal on the Court's qualified immunity determination – is equally unavailing. The fact that one party will pursue interlocutory appeal on a very narrow, singular issue should not justify opening the floodgates on the appellate court.

Plaintiff presents no argument or facts in support of the second aspect of "no just reason for delay" inquiry: relevant equitable concerns. As stated previously, the focus on relevant equitable concerns helps to ensure that immediate appeal is available where "some danger of hardship or injustice associated with delay" could be avoided by that appeal. Ebrahimi, 114 F.3d at 166. Plaintiff has pointed to no hardship or injustice that would occur if they were required to wait until final and complete judgment is rendered in this case. Nor is the Court aware of any such hardship or injustice.

In essence, Plaintiff seeks certification because he would like to appeal his summary judgment losses sooner rather than

later. Plaintiff's hope is bolstered by the fact that his opponents are able to appeal their loss immediately. Personal preference, however, is not a sufficient reason for the Court to utilize the exceptional practice of Rule 54(b) certification. The denial of qualified immunity may buy an express ticket to the appellate court, but it does not allow all parties to ride along. Plaintiff's motions are **DENIED**.

**SO ORDERED**, this 11th day of June, 2012.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA